T.C. Summary Opinion 2005-63


UNITED STATES TAX COURT


ROBERT E. AND CAROL J. CAWVEY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9131-04S.                Filed May 24, 2005.


Robert E. and Carol J. Cawvey, pro sese.

Michael F. O'Donnell, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $608 for the taxable year 2001.

The issue for decision is whether certain worker's compensation benefits received by Carol J. Cawvey in lieu of Social Security disability benefits are includable in petitioners' gross income for taxable year 2001 under section 86. The adjustments resulting from the disallowance of a portion of the deduction petitioners claimed for medical expenses are computational and will be resolved by the Court's holding on the Social Security benefits issue.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Plainfield, Illinois, on the date the petition was filed in this case. Robert E. Cawvey appeared before the Court and presented petitioners' case. Carol J. Cawvey (petitioner) did not appear.[1]

During most of 2000, petitioner worked for Aramark, a private food servicing company which provided employees to the Illinois Department of Correction's kitchen services. On October 12, 2000, petitioner was injured in a work-related accident. In November of 2000, petitioner applied for and received State of

---

[1]Petitioners had recently separated before trial; however, all the parties agreed that Robert E. Cawvey was authorized to represent Carol J. Cawvey's interest.

Illinois worker's compensation benefits.  In 2001, petitioner continued to receive worker's compensation benefits of $15,738.32.

In 2001, petitioner's attorney advised her to file for Social Security Disability Insurance benefits.  In April of 2001, petitioner applied for Social Security benefits.  According to Form SSA-1099, Social Security Statement, issued by the Social Security Administration, petitioner received Social Security benefits of $4,422.40 for taxable year 2001.  Form SSA-1099 for taxable year 2001 also shows that there was a worker's compensation offset in the amount of $4,422.40.  Petitioners did not report any Social Security benefits on their joint Federal income tax return for 2001.

On April 12, 2004, respondent issued to petitioners a notice of deficiency that determined petitioners failed to include in gross income for the taxable year 2001 the amount of $3,759[2] as a result of adjustments for taxable Social Security benefits under section 86.  Further, the determination resulted in computational adjustments causing the disallowance of a portion of the deduction claimed by petitioners for medical expenses.

---

[2]Respondent calculated this amount as 85 percent of the $4,422.40 in Social Security benefits for 2001.

## Discussion[3]

As previously stated, the issue before the Court is whether certain worker's compensation benefits petitioner received in lieu of Social Security disability benefits are includable in petitioners' gross income for taxable year 2001 under section 86.

Petitioners maintain that since petitioner did not receive an actual payment from the Social Security Administration during 2001 because of the offset of workmen's compensation benefits received in that year, it is unfair to include the offset amount in their 2001 income. Respondent maintains that although petitioners did not receive an actual payment from the Social Security Administration during 2001, they must nevertheless include the offset amount in their 2001 income under section 86(d)(3).

Gross income includes "all income from whatever source derived" unless specifically excluded. Sec. 61(a). Generally, gross income does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness". Sec. 104(a)(1). Social Security benefits, however, are included in gross income as provided by section 86.

---

[3]We decide the issue in this case without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

Married taxpayers filing a joint return whose modified adjusted gross income, plus one-half of their Social Security benefits, exceeds $44,000 must include up to a maximum of 85 percent of their Social Security benefits in their gross income. See sec. 86(a), (b), and (c).

Respondent determined that 85 percent of the Social Security benefits petitioner received for 2001 is includable in petitioners' gross income. Petitioners do not dispute that petitioner received worker's compensation benefits in the amount by which her Social Security benefits were offset. Petitioners, however, argue that the Social Security Administration never paid the benefits reported as worker's compensation offset, and thus those amounts should not be included in petitioners' gross income.

Section 86(d)(3) clearly provides that such offsets are Social Security benefits for purposes of determining gross income:

> if * * * any social security benefit is reduced by reason of the receipt of a benefit under a workmen's compensation act, the term "social security benefit" includes that portion of such benefit received under the workmen's compensation act which equals such reduction.

Section 86 was added to the Internal Revenue Code by the Social Security Amendments of 1983, Pub. L. 98-21, sec. 121, 97 Stat. 80. The House report states in relevant part:

> social security benefits potentially subject to tax will include any workmen's compensation whose receipt caused a

reduction in social security disability benefits.  For example, if an individual were entitled to $10,000 of social security disability benefits but received only $6,000 because of the receipt of $4,000 of workmen's compensation benefits, then for purposes of the provisions taxing social security benefits, the individual will be considered to have received $10,000 of social security benefits.  [H. Rept. 98-25, at 26 (1983).]

Petitioners seem to argue that section 104(a)(1) should in effect "trump" section 86.  However, the statutes must be read together.  Section 104(a)(1) provides the general rule that worker's compensation benefits are not includable in gross income.  Section 86(d)(3) provides the exception to this general rule and states that the offset amount is included in income in the same manner as a Social Security benefit.  This has the effect of equalizing the Federal tax treatment of Social Security benefits available to various taxpayers who may or may not be eligible to receive worker's compensation benefits.  See H. Rept. 98-25, supra at 26.

Petitioners also argue that the operation of section 86(d)(3) is unjust.  This Court is not the proper place for this argument.  We cannot evaluate the fairness of the law but must apply it as it is written; it is up to Congress to address questions of fairness and to make improvements to the law. Metzger Trust v. Commissioner, 76 T.C. 42, 59-60 (1981), affd. 693 F.2d 459 (5th Cir. 1982).

We have reviewed and found to be correct respondent's calculation of the portion of benefits includable in petitioners'

gross income under section 86. Accordingly, we uphold respondent's determination that petitioners' gross income for the taxable year 2001 is increased by $3,759 as a result of adjustments for taxable Social Security benefits under section 86.

Respondent's computational adjustments to petitioner's claimed medical expenses will be decided by our holding on the issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.